HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLAYTON ERNEST LONGACRE,

Plaintiff,

v.

KITSAP COUNTY, KITSAP COUNTY SHERIFF'S DEPARTMENT, KITSAP COUNTY SHERIFF STEVE BOYER, AND KITSAP COUNTY SHERIFF'S DEPUTY BRAD WALTHALL,

Defendant.

CASE NO. C17-5900RBL

ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. #6] and on Plaintiff Longacre's Motion to Amend [Dkt. #9]. Longacre's Motion to Amend his Complaint is GRANTED. The Court applies the Defendants' Motion to Dismiss, to the Amended Complaint. That Motion is GRANTED and all of Longacre's claims are DISMISSED with prejudice and without leave to amend.

This case is a reprise of litigation that was pursued, fought and lost in 2014-2017 in Kitsap County District Court, No. 714-3532, and Kitsap County Superior Court, Cause No. 15-2-00142-8. The Kitsap County action resulted in the seizure and sale of Longacre's car to pay a lawful debt. The District Court confirmed the default judgment and the Kitsap County Superior

Court affirmed, and issued a Writ of Execution. It denied Longacre's exemption. Arguments about the validity of the default judgment and insufficiency of service of process were fully addressed in state court. The Superior Court judge issued Findings of Fact, Conclusions of Law and Final Judgment on November 17, 2017.

Longacre's complaint (and amended complaint) references and relies extensively on the prior proceedings. The Court takes judicial notice of the following court records in connection with those prior proceedings pursuant to Federal Rule of Evidence 201:

(1) Longacre's unsigned Motion to Dismiss Due to Insufficient Service of Process and Failure to File in Proper Venue (Kitsap County District Court Cause No. Y14-3532), filed November 26, 2014;

(2) Longacre's Motion to Quash Writ of Execution on Personal Property and Set Aside Judgment Due to Insufficient Service of Process and Failure to File in Proper Venue (Kitsap County District Court Cause No. Y14-3532) filed April 28, 2015;

(3) Plaintiff's [Scheidler's] Opposition to Defendant's [Longacre's] Motion to Vacate Judgment (Kitsap County District Court Cause No. Y14-3532) filed June 24, 2015;

(4) Order Re: Decision (Kitsap County District Court Cause No. Y14-3532), filed June 26, 2015 denying Longacre's motion to set aside the default judgment;

(5) Findings of Facts and Conclusions of Law (Kitsap County District Court Cause No. Y14-3532) entered on July 13, 2015 denying Plaintiff's motion to vacate default judgment for improper service;

(6) Writ of Execution on Personal Property (Kitsap County Superior Court Cause No. 15-2-00142-8) filed April 17, 2015;

(7) Claim of Exemption (Kitsap County Superior Court Cause No. 15-2-00142-8) filed May 27, 2015 (in addition to seeking exemption from execution, this claim challenges the validity of the default judgment based on insufficient service of process);

(8) Order Denying Judgment Debtor's Exemption Claim (Kitsap County Superior Court Cause No. 15-2-00142-8) entered June 5, 2015; and

> (9) Findings of Fact, Conclusions of Law and Final Judgment (Kitsap County Superior Court Cause No. 15-2-00142-8) entered on November 17, 2017.

Declaration of Christine M. Palmer ("CMP Dec."), Exhibits 1 through 9.

These court records establish that the issues of sufficiency of service and the validity of the underlying judgment/writ of execution which form the basis of Plaintiff's claims have already been adjudicated and are precluded by the doctrine of issue preclusion. Under Washington law, issue preclusion bars litigation of an issue which has previously been adjudicated in an earlier proceeding when the following elements are met: (1) the issue decided in the earlier proceeding is identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom issue preclusion is asserted was a party to the earlier proceeding or was in privity with a party; and (4) application of issue preclusion does not work an injustice on the party against whom it is applied. *Ullery v. Fulleton,* 162 Wn. App. 596, 602, 256 P.3d 406 (2011).

The court filings and orders in the prior proceedings, which are matters of public record, establish that Plaintiff's assertion of improper service was litigated and resolved to conclusion against the Plaintiff. These documents also establish that Plaintiff and Ms. Kelsey's challenges to the writ of execution (specifically, Plaintiff's claim for exemption and Ms. Kelsey's notice of adverse claim) were also litigated and resolved against the Plaintiff and Ms. Kelsey.

While Longacre again alleges that taking and selling his vehicle was improper (because legal process in the small claims proceedings was insufficient and because he had a claim for exemption which should have been accepted by the court), the prior proceedings

conclusively establish the contrary.  Longacre cannot evade unfavorable results in state court proceedings through the prosecution of a subsequent civil suit for tort damages in this case.  Issue preclusion thus bars all of Longacre's claims, except for his newly-asserted claims for defamation and false light.

Longacre's current claims could have been, and should have been, litigated previously— all arise from the same set of facts that has been litigated and adjudicated.  Furthermore, if and to the extent the claims are an attempt to have this court grant what Longacre tried and failed to get from the state court system in the first case, the claims are barred by *Rooker Feldman*. This Court cannot and will not review or reverse decisions made in state court.  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Longacre's claims all emanate from the loss of his car and the lawful processes that were followed to reach that end.  His car was lawfully seized, not stolen (Theft, Trespass, Acting under Color of State Law to Trespass).  The process by which the Court resolved the issue were proper and extensive (Abuse of Process, Denial of Due Process, Acting under Color of State Law to Abuse Process).  The results were not caused by any negligence or outrageous conduct on the part of the defendants.  The actions were intentional, but were lawful:  the result of Court Order

(Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Harassment, Defamation, Punitive Damages, Morell Liability, Failure to Train).

Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. 6] is **GRANTED**, and all of Longacre's claims are **DISMISSED**, with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2018.

Ronald B. Leighton
United States District Judge